IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| SCOTT CLIFTON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | For Violations of the Fair Labor |
| | ) | Standards Act of 1938, As Amended |
| HERITAGE CONSTRUCTION | ) | |
| SAVANNAH, INC. and AVANT | ) | |
| DANTIS, | ) | JURY TRIAL DEMANDED |
| | ) | |
|     Defendants. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Scott Clifton, (hereinafter "Plaintiff" or "Clifton") by and through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 15(a) file this Complaint against the Defendants Heritage Construction Savannah, Inc. ("Heritage") and Avant Dantis ("Dantis")(hereinafter collectively referred to as "Defendants") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq.*)(hereinafter "the FLSA"), and in support thereof would state as follows:

## I.  INTRODUCTION

1. The instant collective action is filed to remedy violations of the provisions of the FLSA by Defendants which have deprived the named Plaintiff of his lawful regular and overtime wages.

2. This action is brought to recover unpaid regular and overtime compensation owed to the Plaintiff pursuant to the FLSA.  The Plaintiff has been employed by Defendants, working in general construction.

3. During the applicable three-year statute of limitations prior to the filing of Plaintiff's Complaint, Defendants have willfully committed violations of the FLSA by failing to compensate Plaintiff at proper straight rate and overtime rate for hours worked in excess of 40 hours in a given workweek.

4. Upon information and belief, in November of 2018, Defendant Dantis purchased property located at 1408 Hudson Ave., Savannah, GA 31415 for seven thousand dollars and zero cents ($7,000.00).  Dantis offered Plaintiff residency at Dantis' property in exchange for the Plaintiffs' authorization to have $250 per week deducted from his paycheck. During the applicable period to this action (152 weeks between April 1, 2019 and March 3, 2022), Plaintiff's employment with Defendants, Defendants received approximately thirty-eight thousand dollars ($38, 000) from Plaintiff in rent.  However, Defendants failed to meet a number of requirements necessary to qualify for credit towards wages pursuant to Section 3(m) of the FLSA.

5. Defendants exceeded the deductible credit allowed pursuant to Section 3(m) of the FLSA by charging Plaintiff substantially more than the "reasonable cost" of

the lodging provided to Plaintiff as defined in 29 C.F.R. 531.3(a), disqualifying Defendants from credit under Section 3(m) of the FLSA.

## II. JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action is being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

7. Venue is proper in the Southern District of Georgia under 28 U.S.C. § 1391 (b)-(c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants maintain their principal place of business within this District.

## III. PARTIES

8. Plaintiff SCOTT CLIFTON resides in Savannah, Georgia (within this District) and is a citizen of the United States. Clifton was employed by the Defendants within this District.

9. At all times material to this action, the named Plaintiff was an "employee" of Defendants as defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within ten years preceding the filing of this lawsuit. Plaintiff is further covered by § 206 and § 207 of the FLSA for the period in which he was employed by Defendants.

10. Defendant HERITAGE CONSTRUCTION SAVANNAH, INC. is a corporation based in Georgia which conducts business within this State and District and maintains its principal place of business at 430 Moss Loop, Rincon, Georgia 31326 (within this District).   Heritage provides construction services to its customers in and around Savannah, Georgia

11. Heritage maintains either actual or constructive control, oversight and direction over the operation of its employees, including the pay practices of those operations.

12. Heritage is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its designated registered agent, Dennis G. Dozier located at 430 Silverwood Centre Dr., Rincon, GA 31326.

13. At all times material to this action, Heritage was an enterprise engaged in commerce, as defined by Section 203(s)(1) of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

14. Defendant Avant Dantis was an owner and operator of the corporate defendants during the applicable statute of limitations and participated in the day-to-day operations, specifically, and not limited to, the manner in which the corporate defendant paid its employees.

15. At all times material to this action, Defendants were "employers" of the named Plaintiffs and/or others similarly situated, as defined by § 203(d) of the FLSA.

16. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## IV.  CLAIMS

A. UNPAID STRAIGHT TIME AND/OR OVERTIME COMPENSATION

17. Throughout the last three years, Defendants took improper deductions from Plaintiff's paychecks in violation of Section 3(m) of the FLSA.  Specifically, Defendants deducted between $250.00-$300.00 per week in rent from Plaintiff's paychecks.  During the applicable time period (April 1, 2019 through March 3, 2022), Plaintiff paid Defendants at least $38,000.00 in lodging for a property which only cost Defendant Dantis $7,000.00 and should not have been deducted from Plaintiff's wages.

18. In addition to improperly reducing Plaintiff's compensation, Defendants' deduction resulted in violations of the minimum wage provisions of the FLSA. For example, for the paycheck dated January 6, 2022, Plaintiff was paid $519.75 for 31.3 hours of work.  However, Defendants improperly deducted $300.00 from Plaintiff's January 6 payment for lodging, resulting in a payment to Plaintiff of $219.75.  Dividing $219.75 by 31.3 (the hours Plaintiff worked that week) results in an hourly rate of $7.02 for that week.  $7.02 is below the federal minimum wage of $7.25.  A review of Defendant's records and a comparison of those records with the actual costs incurred by Defendants for that property is required

to determine how many deductions resulted in Plaintiff receiving less than minimum wage per workweek during the applicable time period.

19. Upon information and belief, Defendant also improperly deducted uniform costs from Plaintiff's paycheck.   Plaintiff had six uniforms throughout his employment, and Defendants reduced his weekly paychecks by $14.44 for a total deduction of $2,194.88 during the applicable period.  This far exceeds the actual cost of the uniforms to the Defendant, and was, accordingly, improper.

20. Depending on which portion of Plaintiff's paychecks Defendants claim were reduced by the lodging and uniform deductions, there may be issues of unpaid overtime compensation, as well.  For example, if the $250.00-300.00 per week were reduced from Plaintiff's overtime hours, he would be entitled to that compensation at the rate of time-and-a-half, plus liquidated damages, for those hours.

B. <u>RETALIATION</u>

21. On March 9, 2022, Plaintiff, through counsel, sent a Notice of Claims and Litigation Hold Notice to Defendant Heritage.

22. Upon information and belief, shortly after receipt of Plaintiff's demand, Defendant Dantis improperly caused Plaintiff's pre-paid automobile insurance to be cancelled.

23. Shortly after receipt of Plaintiff's demand, Defendant Dantis also took possession of Plaintiff's vehicle, despite having sold that same vehicle to Plaintiff on May 1, 2020 for the sum of one dollar and zero cents ($1.00) as signed by Defendant Avant Dantis on behalf of Defendant Heritage Construction Savannah, Inc.

24. Also, shortly after receipt of Plaintiff's demand, Defendants filed a dispossessory warrant to have Plaintiff evicted from the lodging for which he had paid in violation of Georgia tenancy laws.

25. Defendants sought to have Plaintiff's vehicle insurance cancelled, Plaintiff's vehicle improperly seized, and to have Plaintiff evicted, albeit improperly, because of, and in response to, Plaintiff sending a Notice of Claims to Defendants in violation of the anti-retaliation provisions of the FLSA.

### III.  PRAYER FOR RELIEF

WHEREFORE, the named Plaintiff prays for the following relief:

A.  That Plaintiff be awarded damages in the amount of his unpaid compensation, plus an equal amount of liquidated damages to compensate Plaintiff for the delay in payment of regular and overtime compensation due which the Defendants unlawfully used instead as personal capital or working capital of the business.

B.  That Plaintiff be awarded prejudgment interest;

7

C.    That Plaintiff be awarded reasonable attorneys' fees;

D.    That Plaintiff be awarded the costs and expenses of this action; and

E.    That Plaintiff be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which he may be entitled.[1]

Respectfully submitted this 16th day of April, 2022.

*/s/ Tyler B. Kaspers*
Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA  31201
404-944-3128
tyler@kaspersfirm.com

---

[1] Plaintiff has attached hereto a Civil Action Cover Sheet as "Exhibit 1" and a Summons for each defendant as "Exhibits 2 and 3."