IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SCOTT CLIFTON,                         )
                                       )
    Plaintiff,                         )
                                       )
v.                                     )    CASE NO. CV422-099
                                       )
HERITAGE CONSTRUCTION SAVANNAH,        )
INC., and AVANT DANTIS,                )
                                       )
    Defendants.                        )
                                       )

## O R D E R

Before the Court is the parties' Joint Motion for Approval of Settlement Agreement. (Doc. 12.) In this lawsuit, Plaintiff Scott Clifton, who was an employee of Defendants Heritage Construction Savannah, Inc. and Avant Dantis, alleges that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay regular and overtime wages and retaliating against him for sending a notice of claims. (Doc. 1 at 3, 5-6.) In their motion, the parties seek the Court's approval of their settlement agreement. (Doc. 12 at 1; Doc. 12, Attach. 1.) Pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982), and 29 U.S.C. § 216(b), the Court must scrutinize the proposed settlement of Plaintiff's FLSA claim for fairness before entering a stipulated judgment. After careful consideration, the parties' motion (Doc. 12) is **DENIED**.

**ANALYSIS**

The Eleventh Circuit Court of Appeals has recognized two procedures for employees to settle or otherwise compromise FLSA claims. See Lynn's Food Stores, 679 F.2d at 1352-53. First, the Secretary of Labor is authorized under 29 U.S.C. § 216(c) to oversee an employer's payment of wages owed to employees. Id. at 1353. Second, an employee can settle FLSA claims that are part of a lawsuit brought by the employee against the employer pursuant to 29 U.S.C. § 216(b). Id. Under this method, the parties must present the proposed settlement to the court, and the court may approve it "after scrutinizing the settlement for fairness." Id. (citations omitted). The settlement can cover back wages, unpaid overtime, liquidated damages, reasonable attorney's fees, and costs of the action. 29 U.S.C. § 216(b). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,]" then the court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." Lynn's Food Stores, 679 F.2d at 1354.

I. BONA FIDE DISPUTE

Before accepting the proposed settlement, the Court must determine whether a true conflict exists. A true conflict requires a bona fide dispute over FLSA provisions. Lynn's Food Stores, 679 F.2d at 1354-55. In this case, Plaintiff has elected the second

2

option, filing a suit directly against his former employer alleging violations of the FLSA for regular and overtime wages, retaliating against him for sending a notice of claims, and liquidated damages, which Defendants deny. (Doc. 1 at 5, 6, 7; Doc. 7.) Plaintiff is also represented by counsel, which provides some indication that a true dispute exists between Plaintiff and Defendants. Norman v. BPR Brampton LLC, No. 6:20-cv-95, 2021 WL 2877601, at *1 (S.D. Ga. July 8, 2021) (first citing Lynn's Food Stores, 679 F.2d at 1354; and then citing Barnes v. Ferrell Elec., Inc., No. 1:13-cv-056, 2013 WL 5651903, at *1 (S.D. Ga. Oct. 16, 2013)). Accordingly, after careful review of the parties' pleadings, motion, and settlement agreement, it appears the parties are engaged in a bona fide dispute as to FLSA coverage. (Docs. 1, 7, 12.)

II. FAIRNESS AND REASONABLENESS OF SETTLEMENT AGREEMENT

The Court turns next to the question of whether the settlement agreement is fair and reasonable. Courts consider several factors in determining whether the FLSA settlement is fair and reasonable:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of . . . counsel[.]

Leverso v. SouthTrust Bank of Ala., Nat'l Assoc., 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); Giagnacovo v. Covanta Env't Sols., LLC, No. CV 119-066, 2020 WL 1974400, at *2 (S.D. Ga. Apr. 24, 2020).

3

Because the parties have not provided details explaining the settlement figures and because of issues with the provisions of the settlement agreement, the Court rejects the proposed settlement agreement.

First, the parties have not provided enough information for the Court to scrutinize the proposed settlement agreement completely. As explained above, one of the factors considered in determining whether a settlement agreement is fair and reasonable is "the range of possible recovery[.]" Leverso, 18 F.3d at 1530 n.6. In the motion and settlement agreement, the parties propose that Plaintiff receive $2,900.00, which consists of alleged back wages and liquidated damages. (Doc. 12, Attach. 1 at 1.) The parties have neither pointed to a potential range of recovery nor stated how the parties calculated these figures. See Norman, 2021 WL 2877601, at *4; see also Brown v. Am. Moving & Storage, LLC, No. CV418-009, 2018 WL 5811487, at *1-2 (S.D. Ga. Nov. 6, 2018) (concluding the parties' failure to elaborate on each party's estimate of the hours worked, the applicable wage, or any computation of back wages prevented the court from determining the fairness of the settlement). As a result, the Court must reject the settlement agreement.

Moreover, under the FLSA, if a plaintiff is entitled to recover unpaid minimum wages or unpaid overtime compensation, then he or she is statutorily entitled to an equal amount of liquidated

4

damages. Norman, 2021 WL 2877601, at *4 (citing 29 U.S.C. § 216(b)). Neither the motion nor the proposed settlement agreement confirms how much or what portion of amount to be paid to Plaintiff is allotted to unpaid wages and liquidated damages. If the settlement does not include liquidated damages, the parties must explain why it does not. Id.

Second, the release in the settlement agreement is unduly pervasive. "[A] pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010).

> Although inconsequential in the typical civil case (for which settlement requires no judicial review), an employer is not entitled to use a FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA. Indeed, a pervasive release in a FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer.

Melvin v. People Sales & Profit Co., No. CV 214-012, 2015 WL 13648559, at *2 (S.D. Ga. Jan. 23, 2015) (internal citations and quotation marks omitted).

Although the release clause in the current settlement agreement provides that Plaintiff is releasing those claims "under the FLSA," it also contains the following language:

> In consideration of, and conditioned upon, receipt of payment as described above, Plaintiff does hereby release and forever discharge Defendants and any companies that are parents, subsidiaries, affiliates or

5

      other entities related to or associated with Defendants and any of their past or present predecessors, successors, assigns, administrators, partners, officers, directors, employees, agents and attorneys from any and all claims under the FLSA that were or could have been asserted by Plaintiff against any or more of the Defendants **relating to Plaintiff's employment** at Heritage Construction Savannah, Inc., **including, but not limited to,** any claim under the FLSA, including claims for attorney's fees and costs.

(Doc. 12, Attach. 1 at 1-2 (emphasis added).) These clauses could be interpreted to release Defendants from non-FLSA claims because they expand the release to claims relating to Plaintiff's employment and expressly state the release is not limited to claims under the FLSA. Therefore, the Court is unable to approve this provision. Cf. Giagnacovo, 2020 WL 1974400, at *3 (expressing approval of release language "limited to claims under the FLSA").

    Third, the settlement agreement provides that it cannot be "changed orally and may only be modified in writing" and that it cannot be "amended or modified in any respect whatsoever, except by a writing duly executed by the Parties, and each of the Parties agree that they shall make no claims at any time that this Agreement has been orally amended or modified." (Doc. 12, Attach. 1 at 2.) These provisions are unenforceable attempts to negate the necessity of Court approval of an FLSA settlement agreement or modification thereof. Norman, 2021 WL 2877601, at *3.

Finally, after further but not exhaustive review,[1] the Court will not approve the bankruptcy provision in paragraph 5 of the proposed settlement agreement without further support. (Doc. 12, Attach. 1 at 2.) In other contexts, at least one district court in the Eleventh Circuit expressed doubt regarding the priority status of attorneys' fees incurred by an FLSA claimant. E.g., Levin v. Levine, No. 10-62226-CIV, 2011 WL 2295272, at *2 (S.D. Fla. June 8, 2011).

## CONCLUSION

For the foregoing reasons, the parties' settlement agreement is **REJECTED**, and their motion that this Court approve their settlement agreement and dismiss this case with prejudice (Doc. 12) is **DENIED**. The Court shall provide the parties with another opportunity to settle their dispute. Accordingly, the parties shall have **twenty-one days** from the date of this order to file a new joint motion for approval and proposed settlement agreement

---

[1] This task remains one for the lawyers charged with representing the interests of their clients before submitting documents to the Court for judicial scrutiny.

with respect to Plaintiff's claims against Defendants. The Court encourages the parties to review court decisions in this District approving settlement agreements of FLSA claims prior to submitting a new settlement agreement for this Court's approval.

SO ORDERED this 27th day of December 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA